## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DONNA J. HAMILTON, n/k/a DONNA J. LUNSFORD, on behalf of herself and all others similarly situated, | Case No.: |
| Plaintiff, | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| vs. | |
| CREDIT BUREAU SERVICES, INC. and C.J. TIGHE, | [Class Action] |
| Defendants. | |

COMES NOW Plaintiff Donna J. Hamilton, n/k/a Donna J. Lunsford by and through her attorneys, Pamela A. Car and William L. Reinbrecht of Car & Reinbrecht, P.C., L.L.O. and O. Randolph Bragg of Horwitz, Horwitz & Assoc., and alleges and states that this is a consumer class action brought on behalf of herself and all other persons similarly situated for the Defendants' violations of the Fair Debt Collection Practices Act, ("FDCPA") 15 U.S.C. §1692 *et seq*., and the Nebraska Consumer Protection Act, Neb. Rev. Stat. § 59-1601 *et seq*. ("NCPA")

This Action seeks declaratory judgment and injunctive relief, as well as monetary damages against Defendants C.J. Tighe and Credit Bureau Services, Inc. on behalf of the Plaintiff and all other Nebraska consumers similarly situated for the routine practice of sending collection letters in the form of Exhibits A, B & C

1

to Nebraska residents in violation of 15 U.S.C. §1692c(b), §1692e, §1692e(2)(A), §1692e(8), §1692e(10), §1692f(1) and §1692g(a)(2) as well as the NCPA. In support of her claims, the Plaintiff states and alleges as follows:

## JURISDICTION AND PARTIES

1. Subject matter jurisdiction of this Court arises under 15 U.S.C. §1692k, actionable through 28 U.S.C. §1331 and other provisions of the law.

2. Venue is proper in this Court for the reason that the claims occurred as a result of actions that happened in this Judicial District.

3. Plaintiff is a resident of Fremont, Dodge County, Nebraska. At all times material hereto Plaintiff and each member of the class she seeks to represent are "consumers" as that term is contemplated in §1692a(3) of the FDCPA.

4. Credit Bureau Services, Inc., (hereafter "CBS") is a collection agency located in Fremont, Nebraska, engaged in the business of collecting debts and regularly attempts to collect debts alleged to be due another by use of the mail and telephone and is a "debt collector" within the meaning of 15 U.S.C. §1692(a)(6).

5. C.J. Tighe (hereafter "Tighe") is an individual located in Fremont, Nebraska, and engaged in the business of collecting debts and regularly attempts to collect debts alleged to be due another by use of the mail and telephone and is a "debt collector" within the meaning of 15 U.S.C. §1692(a)(6).

6. Defendants attempted to collect alleged debts due to another for personal, family or household purposes, i.e. – medical services from the Plaintiff and each member of the purported class.

7. Defendants are entities who contributed to, participated in, authorized and/or implemented the policies regarding the acts complained to commit the acts complained of which caused injury to the Plaintiff and the class. Defendants acted as principal and agent, each of the other, and combined and concurred each with the other in committing the acts complained of herein.

8. Defendants are the agent, servant, employee, and/or other representative of the other, and in doing the things herein alleged were acting within the scope, purpose and authority of such agency, service, employment and/or other representative capacity with the permission, knowledge, consent and ratification of the other Defendant.

**FACTUAL ALLEGATIONS**

9. Defendants sent Plaintiff collection letters respectively dated April 15, 2019, May 9, 2019 and June 20, 2019, which seek payment of alleged bills for medical care / services, and which fail to identify the patient, date of service and/or account number in the letters, which created confusion for Plaintiff and class members. Copies are attached here as Exhibit A, B & C.

10. The letter of April 15, 2019, (Exhibit A) is the first debt collection communication from Defendants to Plaintiff.

11. The header of Exhibit A reads in part:

```
CREDIT BUREAU SERVICES, INC.
1-888-859-4260
Online payments: creditpartners.com/pmt
```

12. The first sentence of Exhibit A states:

"This account has been assigned to us for collection."

13. Exhibit A states further:

When sending payment or written correspondence, attach the top portion of this notice or include your reference number. A self addressed envelope has been enclosed for you. For your convenience you can pay online at creditpartners.com/pmt.

14. The envelope enclosed with Exhibit A was addressed to Defendant Credit Bureau Services, while the next to last printed line on the bottom of the page Exhibit A, states: "UROLOGY CLINIC PC" without explanation of who or what it had to do with this matter.

15. Plaintiff Lunsford was confused about the identity of the entity to which the obligation was owed, because Exhibit A fails to clearly identify the current creditor without guesswork by the consumer. *Janetos v. Fulton, Friedman & Gullace, LLP*, 825 F.3d 317, 321 (7th Cir. 2016).

16.     The letter of May 9, 2019, (<u>Exhibit B</u>) was the first communication from Defendants to Plaintiff regarding the General Radiology, P.C. account.

17.     The letter of May 9, 2019, (<u>Exhibit B</u>) does not provide a validation notice concerning the General Radiology bill.

18.     The letter of May 9, 2019, (<u>Exhibit B</u>) demanded Plaintiff telephone Defendant to participate in an appointment at 2:00 P.M. on May 16, 2019, without regard of her schedule or availability.

19.     Plaintiff was employed and stopping to telephone Defendants at 2:00 on May 16, 2019 would need the permission of her employer and, if granted, cause her to work additional hours for the time missed.

20. Plaintiff's employer does not permit employees to make calls during work hours and required permission from the employer to take time off in order to comply with an appointment like that set forth in <u>Exhibit B</u> and make certain another employee would be available to cover during that time.

21.     The letter of May 9, 2019, (<u>Exhibit B</u>) is confusing regarding the "appointment." The consumer does not know what participation is required to fulfill Defendants' demand as well as the consequences of not participating in the "appointment" and it does not state whether the appointment is mandatory.

22. The letter of June 20, 2019, (Exhibit C) states: "SILENCE IS GOLDEN! DON'T BELIEVE IT!" This language is confusing as is language that: "Send payment today so we can report the following accounts as paid on your credit file." (Emphasis Added).

23. "SILENCE IS GOLDEN! DON'T BELIEVE IT!" – is confusing as it implies that Defendants would not remain silent about the account and will communicate about the account with third parties.

24. Exhibit C implies that Defendants will disclose debt collection information to third parties without the consumers' consent if action is not taken in violation of 15 U.S.C. 1692c(b).

25. Language in Exhibit C implies that an unsophisticated consumer must take affirmative action in response to the letter and call the debt collector, which is not required and is thus misleading and confusing for consumers in violation of the FDCPA and the NCPA.

26. The language in Exhibit C quoted above requiring payment sent TODAY in order to have the consumer's credit file marked, "paid" is misleading and confusing. It implies that only if the Plaintiff paid today would the credit file be marked paid. However, if the Plaintiff pays any date other than "today" the credit file would NOT be marked "paid." Also, the language assumes that the

accounts are consistently reported to the credit bureaus when that is not Defendants routine practice to do so for the Plaintiff and the class. This language therefore violates 15 U.S.C. §1692e and §1692e(8).

27. Each of the challenged letters, <u>Exhibits A-C</u>, state, "Balance may increase due to accruing interest." This language is confusing and misleading as it does not advise the consumer as to which account(s) if any incur interest and at what rate, which violates 15 U.S.C. § 1692e. This language also violates 15 U.S.C. §1692g because <u>Exhibits A & B</u> are the respective initial letters for the two accounts and they do not clearly state the amount of the debt in violation of § 1692g.

28. None of the letters state the date of service, the patient, the nature of the service or the account number.

29. Defendant C.J. Tighe is the owner-operator of Defendant Credit Bureau Services, Inc. and is personally involved in its daily operations.

30. Defendant C.J. Tighe created, approved, directed, and supervised the preparation and sending of letters in the form of <u>Exhibits A, B & C</u> to Plaintiff and the class members.

31. Plaintiff suffered concrete and particularized harm because her legally-protected consumer rights under the FDCPA and the NCPA were violated

by Defendants as articulated in *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016).

32. Defendants' misleading collection letters are a material violation of the FDCPA and establish Plaintiff's standing to bring this case. *Tourgeman v. Collins Fin. Serves., Inc.*, 755 F.3d 1109 (9th Cir. 2014).

33. Defendants add to the alleged balance without explanation during the course of the letters in violation of 15 U.S.C. § 1692f(1).

## DEFENDANTS' ROUTINE PRACTICES

34. It is and was the routine policy and practice of Defendants to send letters in the form of Exhibits A, B & C to residents of Nebraska.

35. Defendants do not routinely report the status of consumer accounts to credit reporting agencies – notwithstanding Defendants' representation that failure to pay will harm the consumers' credit score and credit reputation.

36. It is Defendants' routine practice to add additional accounts to collection letters without sending an initial letter containing the § 1692g(a) notice for each account.

37. It is the routine practice of Defendants to require an "appointment" with the consumer at an arbitrarily selected date and time.

38. It is the routine practice of the Defendants to include language in their letters that interest accrues without stating whether any or all listed accounts include interest.

## CLASS ALLEGATIONS

39. This action is brought on behalf of Class One of similarly situated persons defined as (i) all Nebraska residents to whom CBS sent a letter in the form of <u>Exhibit A</u>, <u>Exhibit B</u> and/or <u>Exhibit C</u> (ii) which was not returned as undelivered (iii) in an attempt to collect a debt incurred for personal, family, or household purposes as shown by Defendants or the creditors' records (iv) allegedly due for a medical obligation.

40. This action is brought on behalf of Class Two of similarly situated persons defined as (i) all Nebraska residents to whom CBS sent a letter in the form of <u>Exhibit B</u> and/or <u>Exhibit C</u> (ii) which was not returned as undelivered (iii) in an attempt to collect a debt incurred for personal, family, or household purposes as shown by Defendants or the creditors' records (iv) allegedly due for a medical obligation, (v) who had not been first sent a letter in the form of <u>Exhibit A</u> by CBS on the same account.

40. For the purpose of determining liability for each letter the class may be divided into subclasses, e.g. – Subclass A for <u>Exhibit A</u>, Subclass B for <u>Exhibit B</u> and Subclass C for <u>Exhibit C</u>.

41. The FDCPA subclass includes the time period beginning one year prior to the filing of this action through the date of class certification.

42. The NCPA subclass includes the time period beginning four years prior to the filing of this action through the date of class certification.

43. Based on Defendants' use of documents in the form of <u>Exhibit A</u>, <u>Exhibit B</u>, and/or <u>Exhibit C</u>, the class is so numerous that joinder of all members is impractical.

44. There are questions of law and fact common to the class, which common questions predominate over issues involving only individual class members. The principal legal question is whether Defendants' use of letters in the form of <u>Exhibit A</u>, or <u>Exhibit B</u> and/or <u>Exhibit C</u> violated 15 U.S.C. § 1692c(b), §1692e, §1692e(2)(A), § 1692e(8), §1692e(10), §1692f(1) and §1692g.

45. Plaintiff's claims and those of the class are based on the same facts and legal theories.

46. Plaintiff will fairly and adequately represent the interests of the class members.

47. Plaintiff has retained counsel experienced in class actions and debt collection abuse cases.

48. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Individual cases are not economically feasible.

49. Certification of the Classes under Rule 23(b)(3) of the Federal Rules of Civil Procedure is appropriate in that:

> (a) The questions of law or fact common to the members of the Class predominate over any questions affecting only individual members; and
>
> (b) A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

50. Certification of a class pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate. Defendants have acted in a uniform manner toward the class thereby making injunctive and declaratory relief appropriate.

51. Plaintiff requests the Court to certify a hybrid class or classes combining the elements of Rule 23(b)(3) for monetary damages and Rule 23(b)(2) for equitable relief.

# CAUSES OF ACTION

# FAIR DEBT COLLECTION PRACTICES ACT

52. Plaintiff restates each and every allegation set forth above.

53. Plaintiff for her First Cause of Action against the Defendants states and alleges that during the course of attempting to collect the alleged debt, Defendants:

   a) made false or misleading statements in connection with the attempted collection of said debt, in violation of 15 U.S.C. §1692e, e(2)(A), and e(10);

   b) failed to clearly identify the current creditor in violation of 15 U.S.C. §1692g(a);

   c) add amounts for interest to the alleged balance in violation of 15 U.S.C. § 1692f(1);

   d) failed to identify the patient, date of service and/or account number in the letters, which created confusion for Plaintiff and class members in violation of 15 U.S.C. § 1692e;

   e) threatening to disclose information regarding the alleged debt to third parties without the consent of the consumer in violation of 15 U.S.C. §1692c(b); and

f) threatening to communicate credit information, which is known or should be known to be false in violation of 15 U.S.C. §1692e(8).

WHEREFORE, Plaintiff asks that judgment be entered for herself and the class she seeks to represent against the Defendants for:

A. Certification of this action to proceed as a class action;

B. Actual and statutory damages to the Plaintiff and the class, pursuant to 15 U.S.C. § 1692k(a)(2)(B);

C. Entry of a Declaratory Judgment finding that the practices challenged herein violate the FDCPA;

D. Costs and reasonable attorneys' fees; and

E. Such other and further relief as the Court deems just and equitable.

## **NEBRASKA CONSUMER PROTECTION ACT**

Plaintiff for her Second Cause of Action states and alleges as follows:

54. Plaintiff restates each and every allegation set forth in her previous Cause of Action as if fully set forth herein.

55. Defendant CBS is a "Person" engaged in "Trade or Commerce" as those terms are contemplated in the Consumer Protection Act, Neb. Rev. Stat. § 59-1601.

56. Defendant Tighe is a "Person" engaged in "Trade or Commerce" as those terms are contemplated in the Consumer Protection Act, Neb. Rev. Stat. § 59-1601.

57. Defendants' actions described above, violate provisions of the NCPA, Neb. Rev. Stat. § 59-1601 *et seq*.

58. That this claim is in the public interest because it is Defendants' standard business practice to send thousands of letters to Nebraska consumers.

WHEREFORE, Plaintiff requests that judgment be entered for herself and the class she seeks to represent against Defendants CBS and C.J. Tighe for:

A. Certification of this action to proceed as a class action;

B. Actual and statutory Damages for the Plaintiff and each class member, pursuant to Neb. Rev. Stat. § 59-1609;

C. Injunctive Relief;

D. Costs and reasonable attorneys' fees pursuant to Neb. Rev. Stat. § 59-1609; and

E. Such other and further relief as the Court shall allow pursuant to Neb. Rev. Stat. § 59-1609.

Dated: April 13, 2020

Donna J. Hamilton, n/k/a Donna J. Lunsford, Plaintiff,

By: */s/William L. Reinbrecht*
Pamela A. Car #18770
William L. Reinbrecht, #20138
Car & Reinbrecht, P.C., LLO
2120 S. 72nd Street, Suite 1125
Omaha, NE 68124
(402) 391-8484 Telephone
(402) 391-1103 Facsimile
E-mail: billr205@gmail.com

O. Randolph Bragg
Horwitz, Horwitz& Associates
25 East Washington Street, Suite 900
Chicago, IL 60602
(312) 372-8822
(312) 372-1673 - Fax
rand@horwitzlaw.com

**ATTORNEYS FOR THE PLAINTIFF AND THE PUTATIVE CLASS**

## JURY DEMAND

Plaintiff demands a trial by jury as to all issues so triable.

By: */s/ William L. Reinbrecht*