IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DONNA J. HAMILTON, now known as DONNA J. LUNSFORD, on behalf of herself and all others similarly situated;<br><br>Plaintiff,<br><br>vs.<br><br>CREDIT BUREAU SERVICES, INC., and C.J. TIGHE,<br><br>Defendants. | 8:20CV141<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on defendants Credit Bureau Services, Inc.'s and and C.J. Tighe's (collectively "Credit Bureau") motion to dismiss, Filing No. 15, and the plaintiff Donna Hamilton, n/k/a Donna Lunsford's ("Lunsford") motion to supplement the record, Filing No. 24. This is a putative class action under the Fair Debt Reporting Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Nebraska Consumer Protection Act, Neb. Rev. Stat. § 59-1601 *et seq.* Jurisdiction is premised on 28 U.S.C. § 1331.

I.  BACKGROUND

In its motion to dismiss, Credit Bureau challenges the plaintiff's standing to bring this action for the reason that Lunsford failed to list the claim as a potential asset in her bankruptcy case in the United States Bankruptcy Court for the District of Nebraska, *In re Donna Jean Lunsford f/k/a Donna Jean Hamilton*, No. 19-81425-TLS (Bankr. D. Neb) ("*In re Lunsford*"). Credit Bureau also asserts that the plaintiff should be judicially estopped from pursuing the claim because she took an inconsistent position in bankruptcy court by failing to disclose the claim.

1

The plaintiff seeks leave to supplement the record with documents showing that since the filing of the motion to dismiss and related pleadings, the bankruptcy case has been reopened, the bankruptcy trustee has chosen to pursue the claim and to retain plaintiff's counsel, and has entered into an agreement with Ms. Lunsford to split any recovery after expenses between the bankruptcy estate and the debtor. Filing No. 25-1, Ex. 1, Declaration of William Reinbrecht; Filing No. 25-2, Exs. 1A to 1E. The defendant opposes the motion to supplement, submitting documentation that it has objected to Lunsford's actions in bankruptcy court. Filing No. 27-1, Ex. 1, Objection. In reply, the plaintiff submits evidence that the bankruptcy court has overruled the defendant's objection and granted the trustee's motion to compromise the claim. Filing No. 29-1, bankruptcy court text order. Further, the plaintiff states she will move for the addition of Donna Lunsford's bankruptcy estate as a real party in interest. Filing No. 28, Plaintiff's Reply Brief at 5.

As a threshold matter, the Court first finds the plaintiff's motion to supplement the record should be granted. The court need not address the defendant's arguments opposing leave to supplement because the court can take judicial notice of the bankruptcy court pleadings. See *Nelson Auto Ctr., Inc. v. Multimedia Holdings Corp.*, 951 F.3d 952 (8th Cir. 2020) (stating courts "may consider materials that are part of the public record or do not contradict the complaint, and materials that are "necessarily embraced by the pleadings" at the motion to dismiss stage).

II. FACTS

The Court has reviewed the bankruptcy court records and has listened to the audio recording of the relevant hearing. See *In re Lunsford*, No. 19–81425-TLS, Filing

No. 33 (Bankr. D. Neb. Sept. 8, 2020). The record shows that the plaintiff filed a Chapter 7 Bankruptcy Petition on September 24, 2019. *Id.*, Filing No. 1, Chapter 7 Voluntary Petition. In her verified petition, she stated she had no claims against third parties, either filed or unfiled. *Id.* at 13. On January 6, 2020, her debts were discharged and the case was closed on January 21, 2020. *Id.*, Filing Nos. 10 & 12. This action was filed on April 13, 2020. Filing No. 1, Complaint. On June 18, 2020, Lunsford moved to reopen the bankruptcy proceeding and amended her schedules to include this action. *In re Lunsford*, No. 19-81425-TLS, Filing Nos. 13 & 16. Richard Myers was appointed as Trustee and he notified the Bankruptcy Court of intent to claim the asset. *Id.*, Filing Nos. 17 & 18. The bankruptcy court granted the Trustee's motion to employ Lunsford's counsel in this case as special counsel to the Trustee. *Id.*, Filing No. 25. After a hearing on September 8, 2020, the bankruptcy court granted the trustee's motion for an order authorizing the settlement of the estate's cause of action in this case. *Id.*, Filing No. 33. Plaintiff has shown that the omission of the claim was unknowing and inadvertent. Filing No. 21, Ex. 1, Declaration of Rebecca Abell-Brown at 2. The correspondence that forms the basis of the plaintiff's claim predates the filing of the bankruptcy petition.

I.   LAW

Under Article III of the United States Constitution, the jurisdiction of federal courts extends only to actual cases or controversies. U.S. Const. art. III, § 2, cl. 1. "Standing is a threshold inquiry and jurisdictional prerequisite that must be resolved before reaching the merits of a suit." *Curtis Lumber Co. v. Louisiana Pac. Corp.*, 618 F.3d 762, 770 (8th Cir. 2010) (quoting *Medalie v. Bayer Corp.*, 510 F.3d 828, 829 (8th Cir. 2007)

(internal quotations omitted)). Standing and the real party in interest rule are distinct, but intertwined, concepts. *Curtis Lumber*, 618 F.3d at 770 n.2. Standing requires (1) an injury in fact (2) fairly traceable to the defendant's actions and (3) likely to be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992).

The real party in interest requirement, on the other hand, focuses on ensuring that the proper plaintiff is prosecuting the claim, i.e., that the plaintiff is the person who possesses the right to be enforced. *Mitchell Food Prods., Inc. v. United States*, 43 F. App'x 369, 369–70 (Fed. Cir. 2002) (unpublished opinion). Real party in interest, unlike standing, is not jurisdictional and can be cured under Federal Rule of Civil Procedure 17(a). *Id.*

"Federal Rule of Civil Procedure 17(a) provides that every "action must be prosecuted in the name of the real party in interest.'" *Curtis Lumber Co.*, 618 F.3d at 771. "The function of this rule 'is simply to protect the defendant against a subsequent action by the party actually entitled to recover, and to insure generally that the judgment will have its proper effect as res judicata.'" *Id.* (quoting Fed. R. Civ. P. 17(a) advisory committee note (1966)). "Accordingly, Rule 17(a) requires that the plaintiff "actually possess, under the substantive law, the right sought to be enforced.'" *Id.* (quoting *United HealthCare Corp. v. Am. Trade Ins. Co.,* 88 F.3d 563, 569 (8th Cir. 1996). This inquiry is addressed as a matter of law. *Id.*

The Bankruptcy Code provides that the trustee in a bankruptcy case is the representative of the estate and has the capacity to sue and be sued. 11 U.S.C. § 323(a)&(b). Because causes of action belonging to the debtor at the time of the petition belong to the bankruptcy estate, only the chapter 7 trustee is the real party in interest to

4

pursue prepetition causes of action. *Killmeyer v. Oglebay Norton Co.,* 817 F. Supp. 2d 681, 689 (W.D. Pa. 2011). A defect that implicates Article III standing does not preclude the plaintiff from later remedying the defect by taking steps to ensure the real party in interest is prosecuting the claim. *Wolfe v. Gilmour Mfg. Co.,* 143 F.3d 1122, 1126-27 (8th Cir. 1998) (stating the defect can be remedied after the fact because "Article III standing existed when the plaintiff commenced her lawsuit, she simply was not the real party in interest who was entitled to prosecute the claim."); *see also United States v. Cameron-Ehlen Grp., Inc.*, No. 13-CV-3003 (WMW/DTS), 2020 WL 4476427, at *4 (D. Minn. Aug. 4, 2020).

Rule 17 of the Federal Rules of Civil Procedure applies to the transfer of legal interests "occurring prior to the commencement of a lawsuit." *ELCA Enters., Inc. v. Sisco Equip. Rental & Sales, Inc.*, 53 F.3d 186, 190 n.4 (8th Cir. 1995). Indeed, dismissal is not permitted based on a "failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." Fed. R. Civ. P. 17(a)(3); *accord Wolfe,* 143 F.3d at 1126–27. "After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest." Fed. R. Civ. P. 17(a)(3). Also, under Rule 21 of the Federal Rules of Civil Procedure, parties may be added by order of the court on motion of any party, or of its own initiative at any stage of the action, on just terms. *See Boyd v. City of Oakland*, 458 F. Supp. 2d 1015, 1040 (N.D. Cal. 2006) ("A court may invoke Rule 21 sua sponte to add a party. . . in order to cure a Rule 17 real party in interest defect.").

The doctrine of judicial estoppel prevents a litigant who takes a position in one legal proceeding—and succeeds—from later assuming a contrary position. *Scudder v. Dolgencorp, LLC*, 900 F.3d 1000, 1006 (8th Cir. 2018). In determining whether judicial estoppel applies, courts consider: (1) whether "a party's later position [is] clearly inconsistent with its prior position," (2) "whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled," and (3) "whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped.'" *New Hampshire v. Maine*, 532 U.S. 742, 750-51 (2001).

"In the bankruptcy context, a party may be judicially estopped from asserting a cause of action not raised in a reorganization plan or otherwise mentioned in the debtor's schedules or disclosure statements" because the "debtor's failure to list a claim in the mandatory bankruptcy filings is tantamount to a representation that no such claim existed." *Stallings v. Hussmann Corp.*, 447 F.3d 1041, 1047 (8th Cir. 2006) (internal quotation marks omitted). But "judicial estoppel does not apply when a debtor's prior position was taken because of a good-faith mistake rather than as part of a scheme to mislead the court." *Id.* at 1049 (internal quotation marks omitted). Because "[c]areless or inadvertent disclosures are not the equivalent of deliberate manipulation," a court "should only apply the [judicial-estoppel] doctrine as an extraordinary remedy when a party's inconsistent behavior will result in a miscarriage of justice." *Id.*

The Eighth Circuit recognizes that judicial estoppel may be applied even if a debtor later reopens bankruptcy proceedings to disclose a previously undisclosed claim. See *Jones v. Bob Evans Farms, Inc.*, 811 F.3d 1030, 1033–34 (8th Cir. 2016). Application of judicial estoppel in such circumstances, however, is not required. *Id.* at 1032 (acknowledging that application of judicial estoppel is within the district court's discretion). Judicial estoppel is more likely to be applied in a chapter 13 bankruptcy than a chapter 7 bankruptcy. See *Combs v. The Cordish Cos.*, 862 F.3d 671, 679 (8th Cir. 2017).

III.  DISCUSSION

The Court's review of the record shows that plaintiff Lunsford alleges an injury in fact that is fairly traceable to the defendant's actions and likely to be redressable by a favorable decision. Accordingly, the court finds plaintiff Lunsford alleges an actual case or controversy and had Article III standing when she commenced this action. The record shows, however, that she was not the proper party to pursue that claim. The Court finds the chapter 7 bankruptcy trustee is the real party in interest to pursue this action on behalf of the bankruptcy estate.

Though the prepetition FDCPA claim was an (undisclosed) asset of the bankruptcy estate, and therefore did not "belong" to Lunsford at the time she filed this action, the nonjurisdictional standing defect that existed at the commencement of this lawsuit can be remedied by substituting the trustee in place of the plaintiff. The plaintiff reopened her bankruptcy estate and reached a settlement with the trustee whereby the trustee retained plaintiff's counsel to prosecute the claim on the trustee's behalf. The claim is now part of the bankruptcy estate. The bankruptcy court has authorized the

7

trustee to pursue the action and to share a percentage of proceeds, if any, with the plaintiff. By virtue of these events in bankruptcy court, the real party in interest, the trustee, is prosecuting the FDCPA claims. See e.g., Wolfe, 143 F.3d at 1126-27. In recognition of that circumstance, the Court finds it appropriate to substitute the bankruptcy trustee for the plaintiff on its own motion. The defendant's motion to dismiss for lack of standing will be rendered moot by the substitution of the bankruptcy trustee as plaintiff and should therefore be denied.[1]

Further, the Court declines to apply the doctrine of judicial estoppel to the claim. Although the plaintiff admittedly failed to disclose the claim to the bankruptcy court, there has been no showing of bad faith. The factors considered in connection with judicial estoppel have not been satisfied. See New Hampshire, 532 U.S. at 750-51. The allegedly inconsistent representation in bankruptcy court has been remedied—the resolution of the bankruptcy proceedings is no longer premised on the bankruptcy court's acceptance of the representation that no FDCPA claim existed. Further, the defendant has not been disadvantaged by the substitution of the trustee because the trustee will pursue the case on the same claims and theories. In these circumstances, the trustee and plaintiff's creditors should not be denied the benefit of a claim and potential recovery, due to the plaintiff's failure to disclose. Accordingly,

IT IS ORDERED:

1. Plaintiffs motion to supplement the record (Filing No. 24) is granted.

2. Defendants' motion to dismiss (Filing No. 15) is denied as moot.

---

[1] The substitution will operate as a dismissal of Donna Lunsford as party plaintiff. However, though not the real party in interest, she may continue to serve as representative plaintiff, for the benefit of the bankruptcy estate and in accordance with the agreement approved by the bankruptcy court, should the action be certified as a class action.

8

3.  Richard D. Myers, bankruptcy trustee for the bankruptcy estate of Donna Jean Lunsford, is substituted for Donna J. Hamilton, now known as Donna J. Lunsford, as plaintiff in this action and is represented by O. Randolph Bragg and the law firm of Horwitz, Horwitz & Assoc., Pamela A. Car and William L. Reinbrecht of Car & Reinbrecht, P.C., LLO.

4.  The clerk is directed to correct the record to reflect this substitution.

Dated this 18th day of September, 2020.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge