IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RICHARD D. MYERS, Bankruptcy trustee for the bankruptcy estate of Donna Jean Lunsford;<br><br>Plaintiff,<br><br>vs.<br><br>CREDIT BUREAU SERVICES, INC., and C. J. TIGHE,<br><br>Defendants. | 8:20CV141<br><br><br>**ORDER** |

This matter is before the Court on Defendants' Motion for Leave to File Amended Answer and Affirmative Defense ([Filing No. 66](#)). For the reasons explained below, the motion will be granted.

**BACKGROUND**

Plaintiff filed this suit on April 13, 2020, alleging Defendants violated the Fair Debt Collection Practices Act ("FDCPA") and Nebraska Consumer Protection Act ("NCPA") by sending certain debt collection letters. ([Filing No. 1](#).) On November 10, 2020, Defendants filed their Answer and Affirmative Defenses, which contained a bona fide error affirmative defense. ([Filing No. 34](#).) Defendants withdrew this defense on May 20, 2021. ([Filing No. 51](#).)

On August 12, 2021, Plaintiff served answers to interrogatories indicating that the material basis for his claim that Defendants violated 15 U.S.C. § 1692f(1) of the FDCPA is that "Defendants are seeking and collecting interest and other charges, which are not part of any underlying

agreement between the original creditor and the consumer or allowed by law."[1] (Filing No. 72-1.) On September 3, 2021, following receipt of these interrogatory responses, Defendants filed their Motion to Amend requesting leave to amend their Answer to include a bona fide error affirmative defense. The motion is opposed.

## DISCUSSION

Under Federal Rule of Civil Procedure 15, the Court should "freely give leave" to amend a pleading "when justice so requires." Fed. R. Civ. P. 15. Nevertheless, a party does not have an absolute right to amend and "denial of leave to amend may be justified by undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party." Amrine v. Brooks, 522 F.3d 823, 833 (8th Cir. 2008) (quotation and citation omitted). Additionally, where a party "seeks leave to amend after a scheduling order deadline, that party must first demonstrate good cause under Rule 16(b) of the Federal Rules of Civil Procedure before the court can consider whether the proposed amendments are proper under Rule 15(a)." BDC Farms, Inc. v. Certified Angus Beef, LLC, No. 8:08CV25, 2007 WL2344814, *3 (D. Neb. Aug. 14, 2007) (quotation omitted). "The primary measure of Rule 16's good cause standard is the moving party's diligence in attempting to meet the case management order's requirements." Bradford v. DANA Corp., 249 F.3d 807, 809 (8th Cir. 2001). "[I]f the reason for seeking the amendment is apparent before the deadline and no offsetting factors appear, the Rule 16 deadline must govern." Financial Holding Corp. v. Garnac Grain Co., 127 F.RD. 165, 166 (W.D. Mo. 1989).

Defendants seek to amend their Answer to include a bona fide error affirmative defense, to provide as follows: "As to whether Defendants sought to collect an amount that was not expressly authorized by agreement creating the debt or permitted by law, Defendants acted in good faith with reasonable grounds to believe that their actions were not in violation of law, including the FDCPA, and to the extent that it is applicable, which Defendants dispute, the actions were

---

[1] Defendants assert that after the trial in a similar case brought against Defendants by Plaintiff's counsel (*Bassett v. Credit Bureau Services*, Case No. 16-cv-449 (D. Neb. 2016)), they suspected Plaintiff would argue Defendants violated the FDCPA and NCPA by seeking to collect interest that was not allowed by Neb. Rev. Stat. § 45-104. Defendants contend Plaintiff's counsel covertly asserted this argument in *Bassett* on the eve of trial. Thus, Defendants served these discovery requests to clarify the precise basis for Plaintiff's claims. In addition, Senior United States District Court Judge Joseph Bataillon's Memorandum and Order issued August 13, 2021 in *Bassett* seemed to indicate the possibility of a bona fide error defense if pled by Defendants.

2

unintentional and/or were the result of a bona fide error." (Filing No. 66-1.) Defendants argue amendment should be allowed because Plaintiff did not directly allege in the Complaint that the letters violated the FDCPA and NCPA by seeking to collect interest that was not allowed by law. Plaintiff maintains that the entire basis for Plaintiff's § 1692f(1) claim was not clear until they received Plaintiff's interrogatory responses on August 12, 2021.[2]

In opposition to the motion, Plaintiff claims amendment would be futile because the proposed defense is insufficiently pled. Plaintiff also maintains amendment would be futile because reliance on "advice of counsel or mistake of law does not constitute a bona fide error under the FDCPA." (Filing No. 69.) Defendants dispute that their defense is insufficiently pled. They also contend that they are not attempting to assert an advice of counsel defense and that the bona fide error defense is not futile.

Futility justifies a court's denial of leave to amend a pleading. *Geier v. Missouri Ethics Com'n,* 715 F.3d 674, 678 (8th Cir. 2013). However, a motion to amend should be dismissed on the merits "only if it asserts clearly frivolous claims or defenses." *Gamma-10 Plastics, Inc. v. Am. President Lines,* 32 F.3d 1244, 1255 (8th Cir. 1994) (quotation omitted). "Likelihood of success on the new claim or defenses is not a consideration for denying leave to amend unless the claim is clearly frivolous." *Becker v. Univ. of Neb.,* 191 F.3d 904, 908 (8th Cir. 1999). "The party opposing such amendment ha[s] the burden of establishing that leave to amend would be . . . futile." *Sokolski v. Trans Union Corp.,* 178 F.R.D. 393, 396 (E.D.N.Y. 1998) (citation omitted).

Both parties have pointed the Court to authority to support their respective positions regarding the availability of advice of counsel or mistake of law defenses in connection with FDCPA claims. Based on this authority, the Court is unable to conclude at this time that

---

[2] Section 1692f provides:

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

15 U.S.C. § 1692f(1).

Defendants' proposed amendment is clearly frivolous. Further, the Court is not convinced the proposed affirmative defense is insufficiently pled. And, in any event, the issue of whether Defendant has sufficiently pled this affirmative defense should likewise "be determined on the merits rather than as part of a motion to amend." *Doyle v. Eli Lilly & Co.*, No. 8:06CV412, 2008 WL 215802 (D. Neb. Jan. 24, 2008). Therefore, amendment will not be denied based on futility.

Plaintiff also contends amendment should not be allowed because the motion is untimely, dilatory, brought in bad faith, and prejudicial. Plaintiff asserts Defendants were aware of the nature of Plaintiff's claims when the Complaint was filed because the Complaint alleges claims under 15 U.S.C. §§ 1692e(2)(A), 1692f(1), and 1692e. Plaintiff argues the motion is untimely because the Progression Order does not contain a deadline for filing amended pleadings. Therefore, according to Plaintiff, she was operating under the assumption that Defendant was not going to amend or pursue this defense.[3] Plaintiff maintains she crafted her discovery requests around the belief that this defense would not be at issue and, thus, she would be prejudiced by having to conduct additional discovery.

The Court is not persuaded by Plaintiff's arguments. While it is true that the Complaint alleges claims under 15 U.S.C. §§ 1692e(2)(A), 1692f(1), and 1692e, the entire basis for Plaintiff's 1692f(1) claim was not made clear until Plaintiff responded to Defendants' interrogatories. The additional information Defendants learned through discovery provides good cause for amendment. Additionally, Defendants acted diligently in seeking amendment. Defendants promptly filed a motion to amend less than a month after receiving Plaintiff's interrogatory responses.

Moreover, contrary to Plaintiff's argument, Plaintiff will not be prejudiced through amendment. Discovery is not closed. The deadlines for written discovery and expert designations were stayed pending a ruling on class certification. (Filing No. 52.) The motion for class certification was filed on October 1, 2021, which, notably, was a month *after* this motion was filed. (Filing No. 75.) Further, Defendants represent that as of September 23, 2021, Plaintiff had not

---

[3] To be clear, the Progression Order (Filing No. 40) did not contain a deadline for Defendants to file amended pleadings because the parties indicated in their Rule 26(f) Report that such a deadline was not needed for Defendants. Defendants indicated in the Rule 26(f) Report that they did not anticipate a need to amend their pleadings. (The Court realizes the box on the form report was not checked. However, Defendants had to affirmatively choose in this paragraph that they either they did, or did not, anticipate filing an amended pleading. Therefore, it is of no consequence that the actual box was not checked.) (Filing No. 35).

4

taken any depositions in this case. (Filing No. 71.) Further, additional discovery necessary due to the inclusion of this defense would likely be minimal.

Accordingly,

**IT IS ORDERED** that Defendants' Motion for Leave to File Amended Answer and Affirmative Defense (Filing No. 66) is granted. Defendants shall file their Amended Answer and Affirmative Defense by December 1, 2021.

Dated this 29th day of November, 2021.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge