IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RICHARD D. MYERS, Bankruptcy trustee for the bankruptcy estate of Donna Jean Lunsford;<br><br>Plaintiff,<br><br>vs.<br><br>CREDIT BUREAU SERVICES, INC., and C. J. TIGHE,<br><br>Defendants. | 8:20CV141<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on defendants Credit Bureau Services and C.J. Tighe's (hereinafter referred to collectively as "Credit Bureau Services") motions to stay, Filing Nos. 88 and 90, and to deny without prejudice plaintiff's pending motion for partial summary judgment and permanent injunction, or alternatively, for an extension of time to respond to that motion, Filing No. 100. This is a putative class action under the Fair Debt Reporting Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Nebraska Consumer Protection Act ("NCPA"), Neb. Rev. Stat. § 59-1601 *et seq.* Jurisdiction is premised on 28 U.S.C. § 1331.

The motions to stay and/or deny are related to both the plaintiff's class certification and summary judgment motions, and to another case, *Bassett v. Credit Bureau Servs., Inc. & C.J. Tighe*, No. 8:16CV449, 2019 WL 109343 (D. Neb.), against the same defendants that was recently tried in this Court and is presently on appeal. In *Bassett*, the Court found a violation of the FDCPA and the NCPA, awarded statutory damages, and enjoined the defendants from collecting interest on debts pursuant to Neb. Rev. Stat. § 45-104 without first obtaining a judgment entitling them to such interest. *See Bassett*,

1

Filing No. 234, Memorandum and Order; Filing No. 235, Judgment; Filing No. 236, Injunction; *Bassett*, 8:16CV449, 2021 WL 3579073 (D. Neb. Aug. 13, 2021), *appeal docketed*, No. 21-2864 (8th Cir. Aug. 20, 2021). Both this Court and the Court of Appeals have denied the defendant's motions to stay the injunction in Bassett. *See* Filing Nos. 258, 260; *Bassett*, No. 21-2864, Order (8th Cir. Oct. 18, 2021).

The defendants move to either stay this action in its entirety, and/or to stay or deny without prejudice the plaintiff's motion for partial summary judgment/permanent injunction pending resolution of the plaintiff's motion for class certification and/or the *Bassett* appeal. Alternatively, the defendants move for an extension of time to respond to the motion for summary judgment.

The plaintiff opposes any stay, arguing that allowing this action to proceed in tandem with the *Bassett* appeal would not prejudice the defendants. Plaintiff also opposes any without prejudice denial of his summary judgment motion, stating that a ruling on both the class certification motion and summary judgment motion is the most efficient way for the action to proceed.

The plaintiff's motion for summary judgment/permanent injunction involves resolution of the narrow issue of whether the defendants violate the FDCPA/NCPA as a matter of law by collecting interest on medical accounts pursuant to Neb. Rev. Stat. §45-104 at the rate of 12 percent, and including language in their collection letters stating, "[b]"balance may increase due to accruing interest." Filing No. 86, Plaintiff's Brief in Support of Summary Judgment at 2. The plaintiff relies in part on the findings and ruling in *Bassett* to support its motion. As noted, the defendants have not responded to the merits of the motion for summary judgment. Defendants argue in their motions to stay that same issue

2

is pending before the Eighth Circuit. They argue that the *Bassett* appeal is likely to conclusively resolve the question of whether interest under Neb. Rev. Stat. § 45-104 may be assessed without a judgment, as well as other issues relating to the claims herein. The *Bassett* case on appeal has not yet been fully briefed or set for oral argument.

The Court first finds that the motion to stay further proceedings until the Court rules on the plaintiff's motion for class certification should be denied. The plaintiff's motion for class certification has been fully briefed and is ripe for consideration. Class certification issues relate to the issues addressed in the summary judgment motion. The Court finds it does not make sense for the Court to stay either the action, or consideration of the class certification motion, pending resolution of the *Bassett* case, which may take up to a year.

Without seeing the defendants' response to the merits of the plaintiff's motion for summary judgment, the Court is unable to assess the impact of the *Bassett* case on the issues herein. The Court is not convinced at this stage of the litigation that the outcome of the *Bassett* case will conclusively resolve the Neb. Rev. Stat. § 45-104 issue. Even without *Bassett* as authority, there may be other support for the plaintiff's position. The Court finds it would benefit from full briefing on the summary judgment motion. The court will then decide whether to withhold its decision on the instant summary judgment pending resolution of the Bassett appeal.

Accordingly, the motion to stay or to deny the summary judgment motion without prejudice will be denied and defendant will be granted an extension of time in which to respond.

IT IS ORDERED that

1. Defendants' motions to stay (Filing Nos. 88 and 90) are denied.

4

2. Defendants' motion to deny plaintiff's motion for partial summary judgment and permanent injunction without prejudice and alternative motion for an extension of time to respond (Filing No. 100) is granted to the extent that defendants will be granted three weeks in which to respond to the plaintiff's motion for summary judgment, and denied in all other respects.

3. The plaintiff will have one week thereafter to reply, after which the motions for summary judgment and for class certification will be considered submitted.

Dated this 27th day of January 2022.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge