IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

JOHN STALNAKER, Bankruptcy trustee for the bankruptcy estate of Donna Jean Lunsford, on behalf of themselves and all others similarly situated; and DONNA J. HAMILTON, n/k/a DONNA J. LUNSFORD

Plaintiffs,

vs.

CREDIT BUREAU SERVICES, INC., and C. J. TIGHE,

Defendants.

**8:20CV141**

**MEMORANDUM AND ORDER**

This case is before the Court on Defendants', Credit Bureau Services, Inc. ("CBS") and C.J. Tighe ("Tighe"), Motion for Summary Judgment (Filing No. 214); Plaintiffs', John Stalnaker ("Stalnaker")[1] and Donna J. Lunsford[2] ("Lunsford"), Motion for Partial Summary Judgment (Filing No. 222); Plaintiffs' Motion to Certify Class (Filing No. 218); and Plaintiffs' Stipulation regarding the Motion to Certify Class (Filing No. 220). For the reasons set forth herein, the Court grants Defendants' Motion for Summary Judgment (Filing No. 214). Accordingly, Plaintiffs' motions are denied (Filing No. 218; Filing No. 220; Filing No. 222).

## I. BACKGROUND

This case has an extensive history which the Court need not fully explore for purposes of the present motion. As is relevant to the matter at hand, Donna J. Hamilton,

[1] Plaintiffs filed a Notice of Substitution of John Stalnaker as Chapter 7 Trustee and Plaintiff in this matter (Filing No. 242) on October 5, 2026, after the parties completed all briefing on the motions in this order. Richard D. Myers resigned as trustee, and John Stalnaker was appointed to serve as successor trustee.
[2] Donna J. Hamilton is now known as Donna J. Lunsford.

now known as Donna J. Lunsford ("Lunsford"), filed a Chapter 7 Bankruptcy petition on September 24, 2019. *See In re Lunsford*, No. 19–81425-TLS, Filing No. 1 (Bankr. D. Neb. Sept. 8, 2020). In her verified petition, she stated she had no claims against third parties, either filed or unfiled. *See In re Lunsford*, No. 19–81425-TLS, Filing No. 1 at 13. Her debts were discharged, and the case was closed on January 21, 2020. *See In re Lunsford*, No. 19–81425-TLS, Filing No. 10; Filing No. 12 (text order).

Lunsford subsequently filed the present action on April 13, 2020. Filing No. 1. She asserted claims for violation of the Fair Debt Collection Practices Act ("FDCPA") and the Nebraska Consumer Protection Act ("NCPA") based on a series of letters Defendants sent her. *Id.* She also filed the same causes of action on behalf of a putative class of similarly situated plaintiffs. Filing No. 1 at 10–11.

On June 18, 2020, Lunsford moved to reopen the bankruptcy proceedings and amend her schedules to include this action. *In re Lunsford*, No. 19-81425-TLS, Filing No. 13; Filing No. 16. Richard Myers was appointed as Trustee, and he notified the Bankruptcy Court of intent to claim the asset. *In re Lunsford*, No. 19-81425-TLS, Filing No. 17 (text order); Filing No. 18. The bankruptcy court granted the Trustee's motion to employ Lunsford's counsel in this case as special counsel to the Trustee. *In re Lunsford*, No. 19-81425-TLS, Filing No. 25 (text order). After a hearing on September 8, 2020, the bankruptcy court granted the trustee's motion for an order authorizing the settlement of the estate's cause of action in this case. *In re Lunsford*, No. 19-81425-TLS, Filing No. 33. The bankruptcy court also granted the trustee's motion to compromise the claim which stated that any recovery would be split 75% to the estate and 25% to Lunsford. *In re Lunsford*, No. 19-81425-TLS, Filing No. 32 (text order); Filing No. 24.

Defendants filed a motion to dismiss in this case, arguing Lunsford lacked standing to bring the present action and should be judicially estopped from pursuing her claim because she took an inconsistent position in the bankruptcy court by failing to disclose the claim. Filing No. 15. The Court denied the motion to dismiss the case outright, but determined that the bankruptcy trustee, Myers, should be substituted as the real party in interest. Filing No. 30 at 8. The Court nevertheless stated that Lunsford "may continue to serve as representative plaintiff, for the benefit of the bankruptcy estate and in accordance with the agreement approved by the bankruptcy court, should the action be certified as a class action." Filing No. 30 at 8 n.1.

The case was then stayed awaiting the outcome of a separate case on appeal, *Bassett v. Credit Bureau Servs., Inc.*, 60 F.4th 1132, 1134 (8th Cir. 2023). Following the lifting of the stay, Plaintiffs filed a motion for leave to file an amended complaint "to clarify and augment the facts in support of the claims, injury and damages raised by the guidance of the Eighth Circuit ruling in *Bassett*." Filing No. 126 at 1. The proposed amended complaint asserted the same FDCPA and NCPA claims but expanded on Lunsford's injuries, including that she suffered an "informational injury" and other allegedly concrete injuries. Filing No. 125-1 at 8–9. It also clarified that Defendants' letters assessed and attempted to collect interest as well as the alleged medical debt. *Id.* at 12. Lastly, it noted that the statutory damages, if recovered, would be "split per agreement between [Plaintiffs] as to their respective shares," an apparent reference to the trustee's compromise approved by the bankruptcy court.

The Court granted the motion for leave to file an amended complaint over Defendants' objection, finding that the clarification of alleged damages helped distinguish

the case from *Bassett*. Filing No. 130 at 1. It also stated, "The addition of Donna Lunsford to the caption can come as no surprise to the defendants because it has been clear from the onset that the debt collection practices related to Ms. Lunsford were at issue in the case." *Id.* at 1–2. It further clarified, "Donna Lunsford is the named plaintiff in the original complaint and continues as a named party. She appears in the caption of the amended complaint to clarify her claims for damages and injunctive relief." *Id.* at 2 n.2.

Defendants then filed a second motion to dismiss in this case, arguing Lunsford is not the proper party in interest and lacks standing, and only the bankruptcy trustee can proceed as the proper party in interest because the Court's earlier order substituting the trustee as plaintiff meant Lunsford was dismissed from the case. Filing No. 132; Filing No. 133. The Court denied the motion to dismiss Lunsford from the case. Filing No. 136. The Court found that the bankruptcy trustee is the proper plaintiff to prosecute Lunsford's pre-petition causes of action for monetary damages because those claims belong to the estate; Lunsford also seeks injunctive relief, which the Court previously determined she had standing to pursue (Filing No. 130 at 2 n.2); pursuant to the bankruptcy court's order on the trustee's motion to compromise, any award in this case will be split between the estate and Lunsford personally, giving her an interest in the outcome; and the Court also previously allowed Lunsford to remain in the case as representative plaintiff should the putative class be certified (Filing No. 30 at 8 n.1). Filing No. 136 at 4–5.

Defendants now move for summary judgment as to Plaintiffs' claims against Defendants for violation of the FDCPA and NCPA, arguing Plaintiffs lack Article III standing. Filing No. 214. In support of their motion, Defendants have submitted deposition testimony of Plaintiffs, a declaration of defendant Tighe, a declaration of

Defendants' attorney, and plaintiff Lunsford's supplemental responses to document requests served by Defendants. Filing No. 217. In opposition to summary judgment, Plaintiffs have submitted a declaration of Plaintiffs' attorney, portions of Plaintiffs' responses to Defendants' requests for admissions, portions of Defendants' amended and supplemental responses to first set of discovery, excerpts from the deposition testimony of defendant Tighe, and this Court's order in *Bassett v. Credit Bureau Services, Inc. et al* (Case No. 8:16cv449, Filing No. 234). Filing No. 232.

Plaintiffs also move for partial summary judgment as to liability only, reserving the issue of damages. Filing No. 222. Additionally, Plaintiffs filed a motion for class certification, Filing No. 218, and a stipulation regarding the motion for class certification, Filing No. 220. Plaintiffs' motion for summary judgment (Filing No. 222) also addresses Article III standing, so the Court takes the parties submitted briefs and materials for that motion into consideration here.

## II. STANDARD OF REVIEW

Summary judgment is appropriate when, viewing the facts and inferences in the light most favorable to the nonmoving party, the "materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" show that "an adverse party cannot produce admissible evidence to support" a fact essential to the nonmoving party's claim. Fed. R. Civ. P. 56(c)(1)(A) & (B). The plain language of Rule 56(c) mandates the entry of summary judgment after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's

case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

"The movant 'bears the initial responsibility of informing the district court of the basis for its motion, and must identify 'those portions of [the record] . . . which it believes demonstrate the absence of a genuine issue of material fact.'" *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc) (quoting *Celotex Corp.*, 477 U.S. at 323). If the movant does so, "the nonmovant must respond by submitting evidentiary materials that set out 'specific facts showing that there is a genuine issue for trial.'" *Id.* (quoting *Celotex Corp.*, 477 U.S. at 324). A "genuine" issue of material fact exists "when there is sufficient evidence favoring the party opposing the motion for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986).

The evidence must be viewed in the light most favorable to the nonmoving party, giving the nonmoving party the benefit of all reasonable inferences. *Kenney v. Swift Transp., Inc.*, 347 F.3d 1041, 1044 (8th Cir. 2003). "In ruling on a motion for summary judgment, a court must not weigh evidence or make credibility determinations." *Id.* "Where the unresolved issues are primarily legal rather than factual, summary judgment is particularly appropriate." *Koehn v. Indian Hills Cmty. Coll.*, 371 F.3d 394, 396 (8th Cir. 2004). If "reasonable minds could differ as to the import of the evidence," summary judgment should not be granted. *Anderson*, 477 U.S. at 251.

## III. ANALYSIS

Defendants move for summary judgment on the basis that the case must be dismissed because Plaintiffs lack Article III standing, or alternatively, on the merits of the

claims as well. "Because standing is a threshold inquiry into federal court jurisdiction, we begin—and end—our analysis there." *Yeransian v. B. Riley FBR, Inc.*, 984 F.3d 633, 636 (8th Cir. 2021).

To establish Article III standing, Plaintiffs must show that they have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)). Plaintiffs, as the party invoking federal jurisdiction, bear the burden of establishing Article III standing. *Lujan*, 504 U.S. at 561. Furthermore, on summary judgment, Plaintiffs "may not rely on 'general factual allegations of injury' but instead 'must set forth by affidavit or other evidence specific facts' supporting standing." *Muff v. Wells Fargo Bank NA*, 71 F.4th 1094, 1100 (8th Cir. 2023) (quoting *Lujan*, 504 U.S. at 561).

Defendants ask the Court to dismiss this case for lack of Article III standing because Plaintiffs have failed to show the first and second elements: injury in fact and causation. The Court addresses these elements in turn.

***1. Injury-in-Fact***

"To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Bassett*, 60 F.4th at 1134–35 (quoting *Spokeo, Inc.*, 578 U.S. at 339). "No concrete harm, no standing. Central to assessing concreteness is whether the asserted harm has a 'close relationship' to a harm traditionally recognized as providing a basis for a lawsuit in American courts—such as physical harm, monetary harm, or various intangible harms." *Id.* at 1135 (quoting *TransUnion LLC v. Ramirez*, 594

U.S. 413, 417 (2021). The Supreme Court "has rejected the proposition that 'a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Id.* (quoting *TransUnion LLC*, 594 U.S. at 426). "Article III standing requires a concrete injury even in the context of a statutory violation." *Spokeo, Inc.*, 578 U.S. at 341.

Here, federal and state legislatures enacted legal prohibitions against unfair debt-collection practices. *See* 15 U.S.C. § 1692; Neb. Rev. Stat. § 59-1601. "But the collectors' alleged violations of the FDCPA and the NCPA do not alone provide standing" for Plaintiffs. *Bassett*, 60 F.4th at 1136 (citing *Spokeo, Inc.*, 578 U.S. at 341). Plaintiffs must have suffered an injury in fact.

First, Plaintiffs allege that "Defendants' misleading collection letters and assessment and collection of interest under Neb. Rev. Stat. § 45-104 are material violations of the FDCPA, caused concrete injuries and establish standing." Filing No. 131 at 8. Plaintiffs argue that based on this Court's Order in *Bassett*, "Plaintiffs have standing to challenge Defendants' assessment and collection of prejudgment interest under Neb. Rev. Stat. Ann. § 45-104." Filing No. 224 at 15. However, the Eighth Circuit specifically rejected this argument on appeal in *Bassett*. *Bassett*, 60 F.4th at 1136. Plaintiffs must show that they suffered an injury in fact. *Id.* Here, it is undisputed that Lunsford, or anyone on her behalf, never paid any money to CBS. Plaintiffs also have failed to provide any other evidence showing an injury in fact.

Next, Plaintiffs allege that "Lunsford also suffered a concrete injury by virtue of the violations of the FDCPA/NCPA and actual damages including financial and emotional distress, distraction, anxiety, nervousness, physical discomfort, sleeplessness and

embarrassment as a result of Defendants' practices." Filing No. 131 at 8–9. However, Plaintiffs have failed to present any evidence to support these alleged injuries, as discussed below.

Plaintiffs argue that Lunsford's injury is concrete and particularized because "sending of the letters, adding interest, and reporting the false interest to the credit bureau is the basis for her injury." Filing No. 224 at 11. However, as to the first two arguments, again, the Eighth Circuit has rejected that sending the letters and adding interest, without more, is sufficient to demonstrate an injury in fact. *Bassett*, 60 F.4th at 1136. And regarding the credit reporting argument, Plaintiffs have brought forth no evidence to support that CBS did indeed report her accounts to the credit bureaus or what was being credit reported.

Plaintiffs also argue that they suffered a concrete injury based on financial distress. Filing No. 230 at 12. As an initial matter, as noted above, Lunsford only received the letters and never paid Defendants any part of the interest or principal on the debts. Filing No. 217-1 at 18. However, Plaintiffs argue that the Letters directly contributed to Lunsford's bankruptcy and emotional distress, which caused Lunsford to incur out of pocket expenses, such as copays, as well as the cost of the bankruptcy. Filing No. 230 at 12. Regarding the bankruptcy and costs, it is undisputed that Lunsford owed these debts (that totaled less than $300) and various other debts not at issue here. Debts are the basis for bankruptcy, not letters about debts. Plaintiffs have failed to establish an injury based on their bankruptcy. Additionally, Plaintiffs have failed to provide sufficient evidence to show that the Letters caused Lunsford to visit a doctor or incur copays. The only evidence upon which Plaintiffs rely to support this fact is Lunsford's interrogatory

answers. Filing No. 230 at 12; Filing No. 229-6; Filing No. 229-7. Plaintiffs have not provided any documents to support any alleged copayments, nor have they provided the amount of any such copayments. Moreover, there is no medical evidence linking the alleged copayments to the Letters. Plaintiffs have failed to set forth "specific facts" to establish an injury based on financial distress.

Plaintiffs also argue they suffered a concrete injury based on emotional distress. Filing No. 230 at 12. However, the only evidence Plaintiffs rely upon is Lunsford's interrogatory answers. Filing No. 230 at 12; Filing No. 229-6; Filing No. 229-7. Plaintiffs have failed to provide evidence showing that Lunsford saw a doctor or any heath care provider because of the letters, or that any emotional distress was particularly caused by the letters rather than the financial situation which precipitated the bankruptcy. Further, the Eighth Circuit has held that emotional injuries like "confusion," "worry," "sleeplessness," "nervousness, restlessness, irritability, amongst other negative emotions" are not concrete injuries. *Hekel v. Hunter Warfield, Inc.*, 118 F.4th 938, 943 (8th Cir. 2024) (quoting *Ojogwu v. Rodenburg L. Firm*, 26 F.4th 457, 463 (8th Cir. 2022)). Plaintiffs' complaint substitutes some words, but the "negative emotions" they describe are basically the same. *Id.* Even if emotional injuries qualified as damages, *see Bassett*, 60 F.4th at 1136 (suggesting that the "[i]nfliction of emotional distress" might), Plaintiffs' have failed to "set forth by affidavit or other evidence specific facts" supporting such an injury in fact. *Lujan*, 504 U.S. at 561. Therefore, the Court finds Plaintiffs have failed to show a concrete injury based on emotional distress.

And finally, Plaintiffs allege that they "suffered concrete and particularized harm, including an 'informational injury,' because legally protected consumer rights under the

FDCPA and the NCPA were violated by Defendants." Filing No. 131 at 8. The Eighth Circuit in *Hekel* addressed an alleged "informational injury" under the FDCPA and held that the plaintiff still must identify some "downstream consequence" from failing to receive all the information required by law. *Hekel*, 118 F.4th at 942. Plaintiffs seem to argue that one "downstream consequence" of Defendants' Letters is that CBS assessed interest. Filing No. 230 at 12–13. However, Lunsford paid no interest or principal on the debt. Plaintiffs also argue that "Lunsford's decision to file bankruptcy is clearly a 'downstream consequence' of Defendants' letters and their addition of interest." Filing No. 230 at 13. But again, as discussed above, Plaintiffs' have failed to provide evidence showing that Lunsford filed bankruptcy because she received the Letters. And finally, Plaintiffs seem to allege that Lunsford's distress is a "downstream consequence," but as already discussed above, Plaintiffs have failed to provide evidence showing this injury. Filing No. 240 at 8. Accordingly, the Court finds that Plaintiffs have failed to provide sufficient evidence to show the Letters caused an informational injury.

### *2. Causation*

If the Court were to find Lunsford suffered an injury, Plaintiffs have failed to provide any evidence showing that Lunsford's injuries were caused by the Letters. To establish Article III standing, Plaintiffs have the burden of showing a concrete injury was "*caused by* the defendant." *Ojogwu*, 26 F.4th at 464 (quoting *TransUnion LLC*, 594 U.S. at 423). Here, there is no evidence showing that Lunsford's alleged injuries were "*caused by* the defendant," as opposed to other life circumstances, like a divorce and other financial issues. It is undisputed that Lunsford was allegedly experiencing anxiety, depression, stress, and sleeplessness well before she received the Letters. Filing No. 215 at 3, ¶ 17;

Filing No. 231 at 4, ¶ 17. Lunsford was behind on numerous debts during the relevant time period and received letters from many entities. Filing No. 217-1 at 7. It is also undisputed that during this time, Lunsford was going through a difficult divorce. Filing No. 215 at 3, ¶ 20; Filing No. 231 at 5, ¶ 20. Moreover, Lunsford chose to file for bankruptcy due to insurmountable debt not because of the Letters, nor did the Letters "contribute" to it. The bankruptcy was caused by Lunsford filing. The Eighth Circuit has concluded that "[a] plaintiff who causes its own injury does not satisfy the traceability prong." *ABF Freight Sys., Inc. v. Int'l Bhd. of Teamsters*, 645 F.3d 954, 961 (8th Cir. 2011).

Plaintiffs, as the party invoking federal jurisdiction, bear the burden of establishing Article III standing, and on summary judgment, Plaintiffs "must set forth by affidavit or other evidence specific facts" supporting standing. *Lujan*, 504 U.S. at 561. However, Plaintiffs have failed to provide any evidence showing that Lunsford's alleged injuries were "*caused by* the defendant." *TransUnion LLC*, 594 U.S. at 423. Plaintiffs lack Article III standing for this reason as well.

In sum, Plaintiffs allege to have suffered various injuries in fact because of Defendants' Letters, but have failed to "set forth by affidavit or other evidence specific facts" showing an injury in fact, which is necessary at the summary judgment stage. *Lujan*, 504 U.S. at 561. Additionally, Plaintiffs have failed to provide any evidence showing that Lunsford's alleged injuries were *caused by* the Letters. Accordingly, the Court finds that Plaintiffs have failed to meet their burden of establishing Article III standing, and this case is dismissed.

## IV. CONCLUSION

For the reasons set forth herein, this case is dismissed because the Plaintiffs lack Article III standing.

IT IS ORDERED:

1. Defendants' Motion for Summary Judgment, Filing No. 214, is granted in that the Court must dismiss for lack of Article III standing.
2. Plaintiffs' Motion for Partial Summary Judgment, Filing No. 222, is denied.
3. Plaintiffs' Motion to Certify Class, Filing No. 218, is denied.
4. Plaintiffs' Stipulation regarding Motion to Certify Class, Filing No. 220, is denied.
5. The trial setting and all hearings and deadlines are cancelled.
6. The Court will enter a separate judgment.

Dated this 6th day of November, 2026.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge